IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:06-cr-0095(1) |
| Cortney J. Roberts, | : | JUDGE FROST |
| Defendant. | : | |

DETENTION ORDER

The above defendant appeared before the Court for a detention hearing on April 11, 2006. Following the hearing, the Court ordered the defendant detained without bond pending trial. The purpose of this order is to set forth in writing the reasons for that decision.

The defendant and four other individuals were indicted on March 30, 2006, and charged with being part of a conspiracy to possess with intent to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana. The conspiracy allegedly has lasted for the past five years. The defendant is also charged in the indictment with money laundering. The drug conspiracy charge contained in the indictment gives rise to a presumption that the defendant should be detained pending trial. The United States rested primarily upon the presumption, which is evaluated under the following standard.

Legal Standard Applicable. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably

> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

    The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through

the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Additional information was supplied in the Pretrial Services Report. The defendant has been a long-time resident of Columbus, Ohio. However, he has lived at various addresses over the past several years. If released, he would be able to reside with his maternal grandmother. He has traveled to Canada and Jamaica and has two children who, along with their mother, live in Jamaica. He has two other children who live in Columbus. He has maintained only sporadic employment.

The defendant's criminal history is significant for a 1996 conviction for trafficking in drugs, a state felony. He was sentenced to 18 months in jail for that offense. He does report a history of daily use of marijuana for approximately 12 years. He was also convicted of forgery in 1995, an offense for which he received five years probation. His probation was revoked in

1996, perhaps due to his drug trafficking conviction.

In addition to the presumption created by the indictment, the Court is required to consider factors such as employment and criminal history and whether the case involves trafficking in controlled substances.  All of these factors militate against release.  Additionally, the defendant's ties to Jamaica, including his relationship with his girlfriend and two children who reside there, pose an additional and significant flight risk.  On balance, these negative factors outweigh any positive factors in the defendant's background which might suggest that he is a good candidate for release.  Consequently, he was ordered detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge